**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4356**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VAUGHN K. BARNES,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-01134-TLW)

---

Submitted: November 15, 2006      Decided:  November 20, 2006

---

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kathy J. Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant. William Earl Day II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vaughn K. Barnes' appeals from his conviction pursuant to a guilty plea to uttering and possessing counterfeit securities and his resulting sentence of three years probation. Barnes' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues of appeal, but addressing the validity of Barnes' plea and sentence. Barnes was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find Barnes' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Barnes was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 116-20 (4th Cir. 1991).

We find the district court properly applied the Sentencing Guidelines and considered the relevant factors before imposing the three-year probationary term. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed was reasonable. See United States v. Green, 436

F.3d 449, 457 (4th Cir.) (holding that a sentence within the properly calculated guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006).

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED